# SUPREME COURT.

In the Matter of the Petition of CHARLES A. CHESEBROUGH to vacate an assessment for underground drains between One Hundred and Seventy-third and One Hundred and Eighty-third streets, the Kingsbridge road and the Hudson river.

*Assessments — for underground drains, when unauthorized — cannot be sustained as a sanitary measure without compensation to owner — Substantial error sufficient to authorize relief — Laches.*

The construction of an underground drain in the city of New York through private property without the consent of the owner, and without any compensation being awarded to him for the easement acquired in his lands, is unauthorized and an assessment therefor will be vacated and set aside.

Nor can the assessment be maintained on the ground of its being a sanitary measure, the health department, through its proper officer, having certified as to the necessity for building the drains for the protection of the public health in accordance with the provisions of chapter 566 of the Laws of 1871.

The construction of drains as a *sanitary* measure, cannot be undertaken or sustained without making just compensation to the owner for the easement thereby acquired in his lands.

Where *substantial error* is shown, in this class of cases, the petitioner may have relief in this form of proceeding, under the provisions of chapter 312 and 313 of the Laws of 1874, and it is not necessary to show *actual fraud.*

A mere neglect to physically resist an illegal or unconstitutional exercise of an alleged power on the part of the state or of the municipal authorities, does not deprive the individual, when a right is claimed under such illegal or unconstitutional action, from insisting upon his rights.

Whether the doctrine of *laches* applies to legal rights or should be restricted in its application to equitable rights only, *quære?*

*Special Term, December,* 1878.

Matter of Chesebrough.

*Alexander B. Johnson*, for petitioner.

*John A. Beall*, for city.

LAWRENCE, *J.*— I do not coincide with the learned counsel for the corporation in the opinion stated in his points on the argument of this motion, that the irresistible conclusion from the authorities is that no error short of actual fraud will authorize the vacation of an assessment, in this form of proceeding, nor that it is, therefore, utterly immaterial whether or not the commissioner had lawful authority to lay the drains.

Since this motion was argued the court of appeals, in the *Matter of the Petition of the Emigrant Industrial Savings Bank*, where a similar position was assumed by the counsel for the city, in alluding to the point, have used this language: "It is further contended, on the part of the city, that chapter 313 of the Laws of 1874 debars the petitioner from the remedy that he seeks by this proceeding, no actual fraud being shown. It is not necessary to discuss that point at length, as in two cases recently before this court we have held that the proof of fraud is necessary only where the error or irregularity complained of is one of those enumerated in the act, and that where the error is not one of those thus enumerated and is substantial, the proceeding is maintainable without showing fraud. This result follows from construing chapter 313 of the Laws of 1874 in connection with chapter 312 of the same year, which is in *pari materia* (*In re Protestant Episcopal Public School, and In re Walter, decided November*, 1878."

*      *      * ,      " The whole context of chapter 313, read in connection with chapter 312, and the character of the irregularities specified, shows that the intention of the act was to guard against assessments being set aside, for mere errors of form or technical irregularities or defects, but not to prevent redress in cases of substantial error."

It seems to me, therefore, to follow from the latest decisions of the court of appeals, in reference to this class of cases,

that where substantial error is shown the petitioner may have relief in this form of proceeding, under the provisions of chapters 312 and 313 of the Laws of 1874.

It is alleged, in this case, that there is a substantial error in the assessment for the reason that the work was done in and upon the petitioner's private lands without his consent, and without any compensation being awarded to him for the easement acquired in his lands. The assessment is justified by the city, on the ground that the work was done under the provisions of chapter 566 of the Laws of 1871. By section 1st of that act it is provided: " Whenever it shall appear to be necessary for the protection of the public health that any part or parcel of land, within the corporate limits of the city and county of New York, needs to be drained by other means than by sewers, and it shall be so certified by the city sanitary inspector, and said certificate is filed among the records of the board of health of the health department of said city, the said board shall direct that the same shall be done by and under the direction of the department of public works of said city and county."

The second section of the act provides " that all parts and parcels of land lying below the levels of the sewers adjacent thereto upon which surface water remains stagnant, or through which water-courses have or at present do run, may be so drained by a properly constructed blind drain, which shall be carried along such natural water-course, until it can be made to enter any sewer at its proper level, or if such sewer cannot be reached, it shall be carried to the adjacent river."

The third section provides that all lands, &c., benefited by said drain directly or indirectly shall be liable to assessment, &c., for such benefit.

The counsel for the petitioner contends that under the recent decisions of the court of appeals, *In the Matter of Rhinelander* (68 *N. Y., p.* 105), and *The People* agt. *Haines* (49 *N. Y.*, 587), the assessment upon the petitioner's lands for drains constructed through his lands without his permission

and consent, and without compensation to him, is absolutely void. In the case of Rhinelander it was held, that the construction of a sewer in the city of New York through private property without the consent of the owner is unauthorized, and that the municipal authorities in constructing the sewer there were trespassers, and that no assessment could be legally laid to pay the expense of such a trespass.

In the case of *The People* agt. *Haines* (49 *N. Y.,* *p.* 587), it was held that the occupancy and use of lands for constructing and maintaining ditches, as authorized by the provisions of the act appointing commissioners for draining certain lands in the town of Royalton, Niagara county (*chap.* 774, *Laws of* 1867), is such an interference with the rights of the owner as entitles him to the just compensation made necessary by the Constitution; and it was further held that the act in question contemplated the imposition of a burden upon the lands, subjecting them to an easement in behalf of the public, derogatory to the rights of the proprietor.

I should have been inclined to uphold the assessment in this case, on the ground that the act of 1871 was a proper exercise of the sanitary powers of the state for the protection of the health and lives of its citizens, if I did not deem myself controlled by the decisions in the two cases just referred to. The construction of a sewer through the private lands of Mr. Rhinelander, for aught that appears to the contrary, was as necessary to preserve the public health as the construction of blind drains through the private property of the petitioner in this case. A proper system of sewerage is quite as essential to the promotion of the sanitary condition of the city as the construction of drains (which are diminutive sewers) through private property.

If the one cannot be upheld when the carrying out of the system involves the running of the sewer through private property without paying for the easement to which the land is thus subjected, how can the other be sustained unless proper compensation is made? If it be said that under the act of

Matter of Chesebrough.

1871 the health department, through its proper officer, is required to certify as to the necessity for building the drains for the protection of the public health, and that no such point arose in the case of Rhinelander, the answer seems to be this: In the case of *The People* agt. *Haines* (*supra*) the act contained this preamble: "Whereas, in the judgment of the legislature of the state of New York it is needful for the public health of the people living about certain low lands in the town of Royalton in Niagara county, that the said lands should be drained and reclaimed, therefore," &c., &c. This act, therefore, contained a declaration that in the judgment of the people of the entire state, represented in senate and assembly, it was necessary for sanitary purposes to drain and reclaim the lands referred to in the act.

Such a judgment must be of the same binding force and effect when courts are called upon to uphold an exercise of power, on the ground that the power is of a sanitary character, as the judgment of a board which derives its whole authority to pass upon the question of a sanitary necessity from the legislature. And if in the former case the construction of drains as a sanitary measure could not be undertaken or sustained without making compensation to the owner for the easement thereby acquired in his lands, such construction cannot be made in the latter case in the absence of such compensation.

There were several grounds urged by the learned counsel for the city, such as *laches* and neglect to prosecute this proceeding, as a reason for denying the petitioner's application, but I do not regard them as answers to the petitioner's points.

A mere neglect to physically resist an illegal or unconstitutional exercise of an alleged power on the part of the state, or of the municipal authorities, does not deprive the individual, when a right is claimed under such illegal or unconstitutional action, from insisting upon his rights.

For these reasons I am of the opinion that the prayer of the petitioner should be granted and the assessment vacated.